# Supreme Court Decisions.

## APPOINTMENT TO OFFICE OF AN INELIGIBLE APPOINTEE.

THE STATE OF OHIO, EX REL ATTORNEY-GENERAL, V. CRAIG.

69 Ohio State—Decided, November 17, 1903.

*Appointment to Office a Nullity—Because Appointee Ineligible—Legal Appointment May be Made Without Ousting First Appointee— Health Officer Not An Employe—Section 189, Municipal Code.*

1. Where the appointment to an office is a nulity, for the reason that the appointee is by statute ineligible to such office, a legal appointment to such office may be made without first ousting such first appointee by proceedings in quo warranto.
2. A health officer is not an employe as that word is used in Section 189 of the new Municipal Code.
3. A board of health having appointed a new health officer, thereby indicated its pleasure that it no longer desired the services of the previous health officer.

In quo warranto.

On the fourth day of May, 1903, the mayor of the city of Mansfield appointed a board of health consisting of five qualified electors of said city, which appointment was duly confirmed by the council of said city, and they entered upon the discharge of their duties as such board, and thereafter, on the fifteenth day of May said board of health duly appointed one A. H. McCullough health officer of said city, and he accepted the appointment and duly qualified. On the thirteenth day of June, 1903, after said acceptance and qualification, said A. H. McCullough demanded of J. Harvey Craig, respondent, the books and other property appertaining to said office, but said respondent refused to deliver the same, and refused to surrender said office, claiming to be such health officer of said city himself and entitled to the emoluments thereof, and to discharge the duties

of the same. Thereupon the attorney-general instituted proceedings in quo warranto in this court, requiring said J. Harvey Craig to show by what warrant he holds said office.

By his answer the respondent claims that he was appointed health officer of the city of Mansfield by the board of health of said city on the twelfth day of January, 1894; that his tenure of office was during the pleasure of the board; and that he has not been removed by the board or any other authority, and therefore still continues in office. He further claims that he is entitled to hold said office under the provisions of Section 189 of the Municipal Code, which provides that:

"All employes now serving in the health department shall continue to hold their said positions and shall not be removed from office or reduced in rank or pay, except for cause assigned, and after a hearing has been afforded them before the board."

He further claims that the board of health of said city, in office before the fourth day of May, 1903, continue since that date to be the legal board, and that the mayor had no lawful right to appoint a new board of health on that day, and that such appointment was and is void. The old board and new board each claim to be the legal board, and each refuses to yield to the other. And so, also, each health officer claims to be the legal officer, and each refuses to yield to the other, so that the city is burdened with two boards of health, and two health officers, and the auditor of the county refuses to recognize either of said health officers.

There is an agreed statement of facts, from which it appears that the members of the board of health in office up to the time the new Municipal Code took effect, May 4, 1903, were each elected by the council of said city while they were members of said council and were present and voting at the meeting at which they were so elected as members of the board of health. It further appears that on January 12, 1894, said J. Harvey Craig was appointed health officer by the council of said city to fill a vacancy caused by the resignation of Dr. Reid; that on May 12, 1897, he was elected by said board of health for one year; that on May 10, 1898, he was again elected for one year; and again on May 24, 1899, for one year; again on May 8, 1900; that on May 10, 1901, there was an effort by the board

to elect a health officer, but there was no election, the vote being a tie; and that on June 13, 1902, he was again elected for one year.

*Smith W. Bennett,* special counsel of the attorney-general's office; *C. E. McBride* and *William McE. Weldon,* for plaintiff.

*Bowers & Black,* for respondent.

BURKET, C. J.; SPEAR, DAVIS, SHAUCK, PRICE and CREW, JJ., concur.

It is conceded that the members of the old board of health in office when the new Municipal Code took effect on May 4, 1903, were each, when appointed by council, members of the council that appointed them, and were present and voting when such appointments were made.

Section 1717, Revised Statutes, then in force, and part of title twelve, contains the following:

"No member of council shall be eligible to any other office, or to a position on any board provided for in this title, or created by law, or ordinance of council, except as provided in the seventh division of this title."

Members of boards of health are provided for in said title twelve, and are not embraced within the exception as to the seventh division of the same title. The members of council were therefore not eligible to the office of members of the board of health, and their appointment to that office by council was a nullity (*State, ex rel,* v. *Kearns,* 47 Ohio St., 566). The fifth subdivision of the syllabus is as follows:

"The appointment by a city council of a member thereof to an office which the statute makes a member of council ineligible to fill, and his acceptance thereof, does not work an abandonment of his office as councilman. The appointment to the second office is absolutely void."

It is contended by the State in this case, that the appointment of these members of council to be members of the board of health being a nullity and absolutely void, the appointment by such board of health of Dr. Craig as health officer was also void; and on part of Dr. Craig it is contended that such board of health became and was a *de facto* board, and that its appointment of a health officer constituted him a *de jure* officer. It is

not necessary to determine in this case, which, if either, of these contentions is right, as the case turns upon another principle.

The appointment of members of council to positions on the board of health being a nullity and void, no proceeding in quo warranto was necessary to oust them from such nullity, but the council under the old statute, or the mayor under the new Municipal Code, might treat the office as vacant, and make a valid appointment to fill such vacancy, as was done by the mayor in this case. True the members of the old board might have been ousted by proceedings in quo warranto as intruding themselves into a public office without warrant of law, but while that might have been done, it was not necessary to do so before appointing a new board, because their appointment was a nullity and they had no color of title to the office, and could not invoke a nullity to keep duly appointed officers out of the office. When there is some color of title, resort must first be had to quo warranto; but where there is no such color, but a mere nullity, a legal appointment may be made to fill the office, and then if the party in the wrong still persists in holding onto the office, he may be ousted by proceedings for that purpose. It is therefore clear that the board of health appointed by the mayor May 4, 1903, and confirmed by council, is the only lawful board of health of the city of Mansfield, and was such lawful board of health on the fifteenth day of May, 1903, when it appointed A. H. McCullough health officer of said city.

By the official act of appointing Dr. McCullough health officer, the board of health expressed its pleasure that Dr. Craig should no longer serve as health officer, and he then ceased to be such officer. The pleasure of the board may be as effectually indicated by official acts as by words or resolutions. It was not necessary to expressly remove Dr. Craig to get rid of him, because the appointment of Dr. McCullough expressed the pleasure of the board, and in legal effect terminated and ended the term of service of Dr. Craig.

It is further urged by counsel for Dr. Craig that when the new Municipal Code took effect, May 4, 1903, he was an employe, serving in the health department, and that therefore he would continue to hold his position as provided in the latter

part of Section 189 of the new code. That is not tenable. The part of the section relied upon is as follows:

"All employes now serving in the health department shall continue to hold their said positions, and shall not be removed from office or reduced in rank or pay except for cause assigned, and after a hearing has been afforded them before the board."

Is the health officer an employe as that word is used in the statutes? We think not. He is known as a health officer throughout the statute, and in Section 2115 is spoken of as an appointee, but nowhere as an employe. It is urged that the General Assembly in the use of the word employe meant appointee, but as there may be both employes and appointees in the health department, and as the General Assembly has legislated as to each, it must be held that when it used the word employe it meant what it said, and did not mean appointee or health officer.

And even if the word employe means and includes a health officer, then such employe as such health officer will, under Section 2115, Revised Statutes, serve in said office only during the pleasure of the board of health, and in this case the board indicated its pleasure by the appointment of Dr. McCullough May 15, 1903, that Dr. Craig should no longer serve as such health officer. It being clear under Section 2115 that a health officer can serve only during the pleasure of the board, his term of service can not be extended by the doubtful word employe found in Section 189 of the new Code.

It is therefore clear, from every point of view, that Dr. Craig ceased to be health officer when Dr. McCullough was appointed to that office and qualified, and that Dr. McCullough, by his appointment and qualification, became and is the legal health officer of the said city of Mansfield.

Judgment of ouster will be rendered against Dr. Craig, and an order of induction awarded in favor of Dr. McCullough.

*Judgment of ouster and order of induction.*